J-S79042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
DAVID FRENCH, :
:
Appellant : No. 3196 EDA 2015

Appeal from the Judgment of Sentence September 15, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0003504-2015

BEFORE: GANTMAN, P.J., MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED DECEMBER 22, 2016**

David French ("French") appeals from the judgment of sentence imposed following his conviction of possession of a controlled substance and possession with intent to deliver ("PWID").[1] We affirm.

In its Opinion, the trial court set forth the relevant factual and procedural history, which we adopt for the purpose of this appeal. **See** Trial Court Opinion, 1/11/16, at 1-4.

On appeal, French raises the following issues for our review:

i. Did the trial court err in failing to grant [French's] Motion to Suppress evidence where the arresting officers searched [French] and his backpack without probable cause or a search warrant to do so[?]

ii. Did the trial court err in finding [French] guilty of []PWID[] where there was [in]sufficient evidence that [French] sold or intended to sell a controlled substance[?]

---

[1] **See** 35 Pa.C.S.A. § 780-113(A)(16), (30).

iii. Did the trial court err in finding [French] guilty of PWID[,] as the verdict was against the weight of the evidence[?]

Brief for Appellant at 10 (capitalization omitted).

In his first issue, French contends that the facts within the knowledge of Officer Joseph Ferrero ("Officer Ferrero") and his partner, at the time they placed French under arrest, were insufficient to create probable cause to arrest him. *Id*. at 17. French concedes that there were general complaints about narcotics in the surveilled area, but asserts that the sales complained of were "concentrated three addresses west from where [he] was first observed." *Id*. at 17-18. French also asserts that the "cursory surveillance took place in the afternoon, a time when the sale of narcotics was known by the officers to be slow." *Id*. at 18. French claims that the trial court relied on Officer Ferrero's experience as a narcotics officer, and his participation in more than a thousand narcotics surveillances, as strong factors in denying the Motion to Suppress. *Id*. French argues that there was an insufficient "nexus" between the officers' experience and their observations of French to create the appropriate level of probable cause to arrest him. *Id*. at 19. French contends that the trial court erred by determining that the officers' "limited observations and police experience [were] enough to establish the requisite probable cause for a proper arrest and search of [French], and wrongly denied [his] Motion to Suppress." *Id*. at 20.

> Our standard of review of a denial of suppression is whether the record supports the trial court's factual findings and whether the legal conclusions drawn therefrom are free from

error. Our scope of review is limited; we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

*Commonwealth v. Galendez*, 27 A.3d 1042, 1045 (Pa. Super. 2011) (*en banc*) (citation omitted).

In its Opinion, the trial court addressed French's first issue, set forth the relevant law, and determined that the issue lacks merit. **See** Trial Court Opinion, 1/11/16, at 4-6. Based on our review, we agree with the reasoning of the trial court, which is supported by the record, and affirm on this basis as to French's first issue. **See id**.

In his second issue, French contends that the evidence was insufficient to support his conviction of PWID. Brief for Appellant at 21. French points out that, at the time of his arrest, he was in possession of both controlled and non-controlled substances, and asserts that the Commonwealth did not establish that he intended to deliver a controlled substance to the unknown buyer, as two of the four amber pill bottles contained non-controlled substances. *Id*. at 21, 23. French claims that the evidence of record is weak and inconclusive, and does not establish beyond a reasonable doubt that he provided a controlled substance to the unknown buyer. *Id*. at 23-24.

In its Opinion, the trial court addressed French's second issue, set forth the relevant law, and determined that the issue lacks merit. **See** Trial Court Opinion, 1/11/16, at 6-7. Viewing the evidence in the light most favorable to the Commonwealth, as the verdict winner, we agree with the reasoning of the trial court, and affirm on this basis as to French's second issue. **See id**.

In his third issue, French contends that the verdict was against the weight of the evidence presented at trial. Brief for Appellant at 25. French asserts that the trial court abused its discretion by "ignor[ing] the facts in the record that there were more non-controlled substances recovered from [French,] and most of these non-controlled substances were present in 2 of the 4 amber pill bottles." **Id**. at 26.

In its Opinion, the trial court addressed French's third issue, set forth the relevant law, and determined that the issue lacks merit. **See** Trial Court Opinion, 1/11/16, at 8-9. We agree with the reasoning of the trial court, and affirm on this basis as to French's third issue. **See id**.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2016

- 4 -